32 So.3d 1026 (2010)
In the Matter of T.S.
No. 45,194-CA.
Court of Appeal of Louisiana, Second Circuit.
March 3, 2010.
*1027 Mental Health Advocacy Center, by Sangbahn Y. Scere, for Appellant, T.S.
Michelle D. Brown, for Appellee, Louisiana State University Health Sciences Center, Shreveport.
Before BROWN, GASKINS, and MOORE, JJ.
BROWN, Chief Judge.
On September 12, 2007, in response to a petition for judicial commitment, and upon a finding that respondent, T.S., was gravely disabled due to mental illness and substance abuse, Judge Michael A. Pitman committed T.S. for outpatient mental health treatment at Community Enrichment Programs, Inc., and outpatient substance abuse treatment at the Northwest Regional Center for Addictive Disorders. T.S. appeared in court for a review of compliance hearing on December 5, 2007. After hearing testimony and reviewing a submitted report, Judge Pitman found T.S. to be noncompliant. T.S. was given an additional week to show an effort to comply with the original commitment order, and he was ordered to reappear on December 12, 2007. T.S. failed to attend his scheduled outpatient appointments throughout the week, as well as his court date on December 12, 2007. As a result, Judge Pitman issued a bench warrant for the immediate arrest of T.S.
The bench warrant was not served until July 30, 2009.[1] T.S. was thereafter brought into commitment court at Louisiana State University Health Sciences Center ("LSUHSC") on September 16, 2009. Judge Garrett, who was then presiding over the commitment court, found T.S. to be in contempt of court for violating Judge Pitman's previous order, and she sentenced him to 90 days in jail, suspended. Furthermore, Judge Garrett ordered T.S., as a condition of his unsupervised probation, to go to Northwest Regional Center for Addictive Disorders and Helping Hands for outpatient treatment.[2]

Discussion
The trial court found T.S. guilty of contempt of court based on both his failure to appear when ordered and his failure to comply with his commitment orders. On appeal, T.S. has submitted two assignments of error pertaining to the trial court's finding of contempt of court. With his first assignment of error, T.S. contends that the trial court's finding violated Title 28, Louisiana's Mental Health Law. The crux of this argument lies in La. R.S. 28:71(G), which states that "[f]ailure to comply with an order of assisted outpatient treatment shall not be grounds, in and of itself, for involuntary civil commitment or a finding of contempt of court." T.S.'s reliance on this statute is steeped in the mistaken belief that he was found guilty of contempt of court for his noncompliance alone. Considering, however, that the trial court's holding was also based upon T.S.'s failure to appear when ordered, we find that there is no merit to this assignment of error.
*1028 T.S.'s second assignment of error posits that the trial court failed to follow the proper process for holding a contempt trial since he was neither served notice of the contempt charges against him nor afforded the mandatory minimum 48-hour time period to properly prepare a defense to the constructive contempt charges against him. Further, T.S. submits, the trial court's finding of contempt was not based upon any evidence that he wilfully disobeyed Judge Pitman's order. Thus, based upon the absence of the aforementioned procedural necessities and evidence of wilful disobedience, T.S. contends that the trial court clearly erred in finding him guilty of contempt of court.
Contempt of court can be either direct or constructive. La. C.C.P. art. 221. A direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge. La. C.C.P. art. 222. A person who has committed a direct contempt of court may be found guilty and punished therefor by the court forthwith, without any trial other than affording him an opportunity to be heard orally. La. C.C.P. art. 223.
A constructive contempt of court is any contempt that is not a direct one. La. C.C.P. art. 224. This includes, but is not limited to, the "[w]ilful disobedience of any lawful judgment, order, mandate, writ, or process of the court[.]" La. C.C.P. art. 224(2). A person may be punished for committing constructive contempt of court only after a rule for contempt, which states the alleged facts constituting the contempt, has been issued, and the alleged contemnor has been allowed at least 48 hours to prepare his defense. La. C.C.P. art. 225(A). In order to find a person guilty of constructive contempt, it is necessary for the trier of fact to find that the contemnor violated the order of the court intentionally, knowingly, and purposely, without justification. State v. Brooks, 42,846 (La.App. 2d Cir.12/05/07), 972 So.2d 1197.
In the case sub judice, T.S. failed to appear for his commitment compliance hearing as ordered by Judge Pitman. As a result of the nonappearance Judge Pitman issued a bench warrant. On July 30, 2009, T.S. was arrested on the bench warrant and placed in the Caddo Correctional Center, where he remained for over a month and a half. T.S. was finally brought before the commitment court on September 16, 2009. After acknowledging the long delay in which it took to have T.S. brought into court, Judge Garrett proceeded to conduct T.S.'s review hearing. After a brief exchange regarding T.S.'s noncompliance, Judge Garrett stated: "This is what the court wants to do. I want to find him in contempt for violating Judge Pitman's order. I am going to sentence him to 90 days in the parish jail, but I am going to suspend that." As a condition of his probation, Judge Garrett ordered T.S. to go to Northwest Regional Center for Addictive Disorders and Helping Hands "until Helping Hands tells him he no longer needs to go there."
Unless T.S. was in direct contempt of court, the trial court's failure to follow the rules of court for notice and hearing was in violation of T.S.'s due process rights, and, as such, the finding of contempt would be invalid. See Brunet v. Magnolia Quaterboats, Inc., 97-187 (La.App. 5th Cir.03/11/98), 711 So.2d 308, writ denied, 98-0990 (La.05/29/98), 720 So.2d 343, cert. denied sub nom., Polaris Ins. Co., Ltd. v. Brunet, 525 U.S. 1104, 119 S.Ct. 869, 142 L.Ed.2d 771 (1999).
As noted above, a direct contempt is one committed in the immediate view and presence of the court and of which it has personal knowledge. Failure to follow Judge Pitman's order to attend outpatient appointments and to appear for a review *1029 hearing were not acts committed in the immediate view and presence of the judge. Furthermore, the wilful disobedience of a lawful order is explicitly enumerated as one of the acts that constitutes a constructive contempt of court. La. C.C.P. art. 224(2).
Based upon the law and the record, we find that T.S.'s noncompliance and nonappearance in violation of Judge Pitman's lawful orders did not constitute a direct contempt of court. As such, the trial court was required to adhere to the procedures set forth in La. C.C.P. art. 225(A) for punishing a constructive contempt of court, and its failure to do so was in violation of T.S.'s due process rights. Accordingly, the judgment of the trial court finding T.S. to be in contempt of court, as well as the punishment it imposed, is reversed.
Although we have reversed the trial court's judgment finding T.S. guilty of contempt of court, we recognize that T.S. may still yet be adjudged guilty of contempt of court on remand. Therefore, in the interest of judicial economy, we will address T.S.'s last assignment of error.
In his third assignment of error, T.S. takes issue with the trial court's ordering him to undergo mental health and substance abuse treatment. T.S. contends that a person cannot be involuntarily committed to an outpatient treatment facility as the result of a contempt proceeding. Moreover, T.S. asserts that since Judge Pitman's original commitment order had expired, the only way for the trial court to civilly commit him would be to follow the procedures set forth in Louisiana's Mental Health Law.
Louisiana law allows a district court to punish a person adjudged guilty of contempt of court, when that guilt is based upon the wilful disobedience of a lawful order, with a fine of not more than five hundred dollars or imprisonment for not more than three months, or both. La. R.S. 13:4611(1)(d). If the trial court chooses, it may suspend any or all of the sentence and place the defendant on probation, supervised or unsupervised, for a term that does not exceed the length of time that he could be imprisoned for the contempt.[3] La. R.S. 13:4611(3). Furthermore, the court may impose any specific conditions reasonably related to the defendant's rehabilitation, including but not limited to the conditions of probation set forth in La.C.Cr.P. art. 895. La. R.S. 13:4611. One of the specific conditions of probation set forth states that a defendant shall "[s]ubmit himself to available medical, psychiatric, mental health, or substance abuse examination or treatment or both when deemed appropriate and ordered to do so by the probation and parole officer." La. C.Cr.P. art. 895(12).
Based upon the aforementioned, it is clear that as a condition of probation a defendant could be ordered to undergo treatment for substance abuse and/or mental health problems, if it is reasonably related to his rehabilitation. Probation with such a special condition does not equate to a judicial commitment.

Conclusion
For the reasons stated herein, the judgment of the trial court finding respondent, T.S., to be in contempt of court is reversed, and this matter is remanded for *1030 compliance with the procedures set forth in La. C.C.P. art. 225(A).
NOTES
[1] It is unknown whether T.S.'s July 30, 2009, arrest was the result of the bench warrant alone or if he was charged with committing a crime.
[2] T.S. was originally ordered to go to Community Enrichment Programs, Inc., but at the request of T.S.'s mother, Helping Hands was substituted for Community Enrichment Programs, Inc.
[3] Judge Garrett stated that, as a condition of his probation, T.S. had to go to Helping Hands "until Helping Hands tells him he no longer needs to go there." We note, however, that this indefinite order of probation for contempt of court is in violation of La. R.S. 13:4611. Accordingly, on remand, if T.S. is found guilty of contempt of court, the maximum probation term the trial court could impose upon him is three months.